## Allen C. Weeks v. Texas Midland Railroad.

### Decided April 16, 1902.

**1.—Appeal—Record.**

The charge must be presumed to have been given as copied in the record, though error is assigned upon a different reading of it.

**2.—Charge—Concurring Negligence.**

It is immaterial, in an appeal by plaintiff, that the charge was to find in his favor if negligence of a third party concurred with that of defendant to cause his injuries, instead of such instruction if the negligence of defendant concurred with that of a third party.

**3.—Charge—Undue Prominence.**

Where it was a mooted question under the evidence whether plaintiff was injured at all, a charge to find for defendant if he did not receive any of the injuries complained of was not objectionable as giving undue prominence to that issue.

Appeal from Ellis. Tried below before Hon. J. E. Dillard.

*T. H. Collier,* for appellant.

*Chas. W. Ogden, A. H. Dashiell,* and *W. H. Lipscomb,* for appellee.

KEY, Associate Justice.—This is a personal injury suit, which upon trial in the court below resulted in a verdict and judgment in favor of the defendant.

The first assignment of error reads as follows: "The court erred in paragraph 5 of the charge to the jury, in that the jury are instructed that they must find that Binum and Whittenburg released and set in motion the escaping car *with* the knowledge and consent of the defendant, before they could find for the defendant."

If the transcript is correct (and we must assume that it is) this assignment is not borne out by the record. The fifth paragraph of the charge does not read as stated in the assignment, "with the knowledge and consent of the defendant;" but on the contrary reads *"without* the knowledge or consent of the defendant."

The second assignment seems to complain because the charge of the court authorized the jury to find for the plaintiff if they found that the negligence of Binum and Whittenburg, who undertook to unload the car of coal on one of the defendant's tracks, concurred with the negligence of the defendant; and did not in terms tell the jury to find for the plaintiff if the negligence of the defendant concurred with the negligence of Binum and Whittenburg. We regard this objection as hypercritical. If there was concurring negligence on the part of the defendant and Binum and Whittenburg, and such negligence caused injury to the plaintiff, the defendant would be liable; and the fact that in submitting the question of concurring negligence the court in its charge mentioned Binum and Whittenburg before it did the defendant, was a matter of no consequence. The proposition submitted

under the second assignment is not germane to that assignment, and therefore can not be considered.

The third assignment and proposition submitted thereunder complain of the sixth paragraph of the charge upon the ground that it gave undue prominence to a particular question. The paragraph referred to reads as follows: "If the jury believe from all the evidence before them that plaintiff did not receive any of the injuries complained of in his petition, then it will be their duty to find for defendant." On the issue thus submitted the evidence was not all one way. Whether the plaintiff was injured at all was a mooted question, and the defendant had the right to have that issue directly and specifically submitted to the jury, and no error was committed in giving the charge quoted.

Some other criticisms are urged against the charge of the court, none of which are believed to be well founded.

All the questions presented in appellant's brief have been duly considered, and no reversible error being shown, the judgment is affirmed.

*Affirmed.*